UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
IN RE:

      DAVID EDWARD GENTRY         CASE NO. 05-63480
      MADELAINE EDNA GENTRY

             Debtors        Chapter 7
--------------------------------------------------------
PEERLESS INSURANCE COMPANY and
SURETY SPECIALISTS, INC.

             Plaintiffs

         v.            ADV. PRO. NO. 05-80193

MADELAINE EDNA GENTRY and
DAVID EDWARD GENTRY

             Defendants
--------------------------------------------------------
APPEARANCES:

DAVID J. GRUENEWALD, ESQ.
Attorney for Defendants/Debtors
P.O. Box 69
Manlius, New York 13104

ERNSTROM & DRESTE, LLP        WILLIAM E. BRUECKNER, ESQ.
Attorney for Plaintiffs           Of Counsel
180 Canal View Boulevard, Suite 600
Rochester, NY 14618

Hon. Stephen D. Gerling, Chief U.S. Bankruptcy Judge

### MEMORANDUM-DECISION, FINDINGS OF FACT,
### CONCLUSIONS OF LAW AND ORDER

Presently under consideration by the Court is a motion filed on shortened notice on behalf

of Peerless Insurance Company ("Peerless") and Surety Specialists, Inc. ("SSI") (collectively the

2

"Plaintiffs") on December 7, 2005, seeking partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), incorporated in Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."). The motion was initially heard at the Court's regular motion term in Binghamton, New York, on December 13, 2005.

Following oral argument on behalf of the Plaintiffs, as well as on behalf of David Edward Gentry ("D. Gentry")[1] and Madelaine Edna Gentry ("M. Gentry" or the "Debtor"))(collectively, the "Debtors"), the Court asked that the Debtors file a written response to Plaintiffs' motion by January 23, 2006, and adjourned the motion to January 31, 2006. Said response was filed on January 19, 1006, setting forth general admissions and denials (Docket No. 20). A reply to the Debtors' response was filed on behalf of the Plaintiffs on January 26, 2006 (Docket No. 22). At the hearing on December 13, 2005, the Court also afforded both parties an opportunity to file memoranda of law by no later than January 27, 2006. The matter was submitted for decision on January 31, 2006.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(1), and (b)(2)(I).

---

[1] By letter dated January 30, 2006, counsel for the Plaintiffs indicated that they were withdrawing their motion for partial summary judgment with respect to D. Gentry but were not discontinuing their adversary proceeding against him.

3

## **FACTS**

On May 2, 2005, Debtors filed a voluntary petition ("Petition") pursuant to chapter 7 of the Bankruptcy Code, 11 U.S. §§ 101-1330 ("Code").  On August 8, 2005, the Plaintiffs commenced an adversary proceeding against the Debtors seeking a denial of dischargeability of certain debts  pursuant to Code § 523(a)(2)(A), (a)(4) and (a)(6).  Issue was joined by the filing of an Answer by the Debtors on August 18, 2005.

Pursuant to Local Rule 7056-1 of the U.S. Bankruptcy Court for the Northern District of New York, Plaintiffs have provided their "Statement of Uncontested Facts," supported by the Declaration of Thomas A. Rush, II, Chief Counsel for Liberty Mutual Surety,[2] as well as the Declaration of William E. Brueckner ("Brueckner"), counsel to the Plaintiffs.  Those facts are as follows:

1.    On or about April 15, 1999, Peerless issued a Letter of Authority (the "Letter") to SSI, granting SSI the authority to sell, to the general public, bonds naming Peerless as the surety (the "Peerless Bonds").

2.    On or about March 14, 2001, SSI entered into a written agreement with Contractors Bond Brokerage, Inc. ("CBBI") authorizing CBBI to sell Peerless Bonds ("the Sub-Agency Agreement").

3.    The Sub-Agency Agreement provides that any premiums or collateral received by CBBI in connection with its issuance of any Peerless Bonds be remitted to Plaintiffs.

4.    Pursuant to the Sub-Agency Agreement, CBBI issued the following Peerless Bonds  (the "Fraudulent Bonds"):

---

[2]  According to the Plaintiffs, Peerless is a member of the Liberty Mutual Group of Companies.

Bond No.:                      PM011126055
Bond Principal:                Holiday Drive, LLC
Date of Bond:                  August 17, 2001
Amount of Premium:             $528.00

Bond No.:                      PM011126054
Bond Principal                 Holiday Drive, LLC
Date of Bond:                  August 17, 2001
Amount of Premium:             $528.00

Bond No.:                      PM011126089
Bond Principal:                Blaine H. Riggert
Date of Bond:                  September 28, 2001
Amount of Premium:             $535.00

Bond No.:                      PM011126172
Bond Principal:                Jay Kapadia
Date of Bond:                  February 13, 2002
Amount of Premium:             $3,060.00

Bond No.:                      PM011126220
Bond Principal:                Holiday Drive, LLC
Date of Bond:                  May 24, 2002
Amount of Premium              $172.00

5.    At the time the Fraudulent Bonds were issued, both Debtors were officers of CBBI and members of CBBI's Board of Directors.

6.    In connection with CBBI's issuance of the Fraudulent Bonds, CBBI charged and collected from the Bonds' principals the aggregate amount of $4,823.00 for premiums.

7.    In connection with CBBI's issuance of Fraudulent Bond No. PM011126172 (the "Kapadia bond"), CBBI also collected the amount of $153,000.00 as collateral (the "Collateral").

8.    CBBI deliberately retained both the Collateral and premiums collected in connection with its issuance of the Fraudulent Bonds in violation of the Sub-Agency Agreement.

9.    As a result of CBBI's unauthorized retention of the Collateral, Plaintiffs were forced to reimburse the Kapadia Bond's principal, Jay Kapadia, resulting in a loss in the amount of $153,000.

10.    As a result of CBBI's retention of the premium payments, Plaintiffs incurred an additional loss in the amount of $4,823.00, for a total aggregate loss of $157,823.00.

11.    The Fraudulent Bonds were executed by Debtors' son, Mark Gentry, as attorney-in-fact for CBBI.

12.    Attached to the Fraudulent Bonds are California notary acknowledgment forms (the "Acknowledgment Forms") which were executed by M. Gentry as notary.

13.    Testimony given by M. Gentry demonstrates that she did not witness Mark Gentry execute the Fraudulent Bonds and instead executed the Acknowledgment Forms in advance and in blank to facilitate the Fraudulent Bonds' execution.

The Debtors' response in opposition to the Plaintiffs' motion, filed June 19, 2006, simply sets forth general admissions and denials and the defense that it was Mark Gentry who "drafted and executed the fraudulent bonds. M. Gentry had no knowledge of the fraudulent nature of the fraudulent bonds at any time when they were executed." No "concise statement of the material facts as to which it is contended there exists a genuine issue" was filed on behalf of the Debtor as required by the Local Rule 7056-1. Accordingly, "[a]ll material facts set forth in the statement served by the moving party shall be deemed admitted unless controverted by the statement served by the opposing party." Local Rule 7056-1; *see also* Fed.R.Civ.P. 56(e), which provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

## DISCUSSION

While the Plaintiffs' complaint sets forth causes of action based on Code § 523(a)(2)(A),

(a)(4) and (a)(6), it is only the first cause of action based on Code § 523(a)(2)(A) that is the

subject of their motion for summary judgment pursuant to Fed.R.Bankr.P. 7056 now pending

before this Court.  In connection with a motion pursuant to Fed.R.Bankr.P. 7056,

> The moving party seeking summary judgment must establish that there is no
> genuine issue as to any material fact, thus entitling the movant to judgment as a
> matter of law.  A genuine issue exists only when "the evidence is such that a
> reasonable [trier of fact] could return a verdict for the nonmoving party."
> *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91
> L.Ed.2d 202 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct.
> 2548, 91 L.Ed.2d 265 (1986)(movant need only illustrate by reference to record
> opponent's failure to introduce evidence in support of essential element of its
> claim).  It is the role of the Court on such a motion to determine whether there are
> issues of fact to be tried; it is not the role of the Court to try the issues of fact.  *See
> Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9 (2d Cir. 1983) (citation omitted).

*Official Committee of Unsecured Creditors of Matco Electronics Group, Inc. v. American Board*

*Companies (In re Matco Electronics Group, Inc.)*, Case No. 02-60835-44, Adv. Pro. No. 02-

80085, slip op. at 17-18 (Bankr. N.D.N.Y. April 4, 2003).  Furthermore, in considering a motion

for summary judgment, the Court must "view the evidence in the light most favorable to the non-

moving party and draw all reasonable inferences in its favor, and may grant summary judgment

only when no reasonable trier of fact could find in favor of the nonmoving party."  *Allen v.*

*Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citation and quotation marks omitted).  Once the

Plaintiffs have come forward with evidence on each material element of their claims, it is the

Debtor's burden to rebut the facts asserted by them.  As noted previously the Debtor may not

simply rely on "mere allegations or denials."  Fed.R.Civ.P. 56(e).

Code § 523(a)(2)(A) provides an exception to the discharge of a debt for money, property

or services to the extent obtained by "false pretenses, a false representation, or actual fraud, other

than a statement concerning the debtor's financial condition."  In order to effectuate the fresh start

7

purpose of the Code, such exceptions to discharge of a debt are to be strictly construed against the creditor and liberally in favor of the honest but unfortunate debtor.  *See MBNA America v. Parkhurst (In re Parkhurst)*, 202 B.R. 816, 820 (Bankr. N.D.N.Y. 1996).

The burden is on the petitioning creditor to establish by a preponderance of the evidence that the particular debt should not be discharged.  *See id.* (citing *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).  Plaintiffs must establish (1) that the Debtor made the representation; (2) that she knew it was false; (3) that she made it with the intention and purpose of deceiving Plaintiffs; (4) that Plaintiffs justifiably relied on the representation; and (5) that Plaintiffs sustained a loss as a result of their reliance on the representation.  *See In re Fanelli*, 263 B.R. 50, 59-60 (Bankr. N.D.N.Y. 2001).

Plaintiffs have provided a copy of the "California All-Purpose Acknowledgment" signed by the Debtor, which indicates that on August 1, 2001, for example, Mark J. Gentry personally appeared before her.  *See* Exhibit D, attached to Brueckner Declaration.  Debtor acknowledges that she left pre-executed acknowledgments with her son so that he could use them "to notarize his signature."  *See* Exhibit I at page 300, lines 20-25, attached to Brueckner Declaration.

"Acknowledgment" is defined as

[a] formal declaration made in the presences of an authorized officer, such as a notary public, by someone who signs a document and confirms that the signature is authentic.  In most states, the officer certifies that (1) he or she personally knows the document signer or has established the signer's identity through satisfactory evidence, (2) the signer appeared before the officer on the date and in the place indicated, and (3) the signer acknowledged signing the document freely.

BLACK'S LAW DICTIONARY (8th ed. 1999) at 24.

Based on the evidence presented in connection with this motion, Debtor misrepresented

8

the fact that her son, Mark Gentry, had appeared before her on the date specified when he signed

certain documents.  Debtor admitted at her deposition that her acknowledgment was false and that

the documents were not signed by Mark Gentry in her presence; rather, her acknowledgment was

"pre-executed."  There is no evidence, however, to indicate, as a matter of law, that the Debtor

signed the acknowledgments with any intent to deceive the Plaintiffs.  More importantly, there

is no evidence that, as a matter of law, the Plaintiffs justifiably relied on those acknowledgments

and sustained a loss as a result of that reliance.  Plaintiffs have not presented any evidence in

connection with this motion that the payments on which they base their claim against the Debtor

were as a result of the false acknowledgment of the Debtor.  There has been no suggestion by the

Plaintiffs that the signature was not that of Mark Gentry or that he was unauthorized to sign the

documents as attorney-in-fact for Peerless.

Based on the above, the Court finds that the Plaintiffs have failed to meet their burden of

establishing sufficient facts to support a finding that, as a matter of law, any alleged debt owed

by the Debtor based on her false acknowledgment is nondischargeable pursuant to Code §

523(a)(2)(A).

Based on the foregoing, it is hereby

ORDERED that the Plaintiffs' motion for partial summary judgment with respect to their

third cause of action in their Complaint pursuant to Code § 523(a)(2)(A) is denied; and it is

further

ORDERED that this adversary proceeding shall be scheduled for a trial before this Court

on a date to be hereafter determined.

9

Dated at Utica, New York

this 31st day of May 2006

/s/    Hon. Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge